# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL B. KENNEDY,**

        **Plaintiff,**

v.                                                     **Case No:  6:20-cv-210-Orl-41DCI**

**RON DESANTIS, ILHAN OMAR,**
**KESHIA TLAIB and ALEXANDRIA**
**OCASIO-CORTEZ,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 2)**
>
> **FILED:**       **February 7, 2020**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On February 7, 2020, Plaintiff, proceeding *pro se*, filed a complaint (the Complaint) against Defendants. Doc. 1. Plaintiff's complaint appears to be structured as a series of mostly indecipherable questions directed to the governor of Florida and three congresswomen from Minnesota, Michigan, and New York. These questions appear to concern political issues related to topics such as same sex marriage and religious rights. Plaintiff also appears to request the impeachment of the governor. Contemporaneously, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs, which the Court construes as a motion to proceed *in forma pauperis*. Doc. 2 (the Motion).

As part of reviewing Plaintiff's Motion, the Court is obligated to review the Complaint and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1] Although the Court must liberally construe Plaintiff's Complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the Complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Here, Plaintiff failed to conform to the procedural rules and stated no facts that would give rise to a substantive claim. Indeed, Plaintiff failed to provide a short and plain statement of the grounds for the Court's jurisdiction and failed to provide a short and plain statement containing factual matter sufficient to show that Plaintiff is entitled to relief. In addition, it is not clear from

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

Plaintiff's Complaint why this Court has federal subject matter jurisdiction over this matter. *See* 28 U.S.C. §§ 1331, 1332. And, as previously discussed, it is not clear from Plaintiff's Complaint what cause or causes of action Plaintiff is attempting to assert. While Plaintiff may be a pauper, the Motion is due to be denied pursuant to § 1915.

In most cases, the Court will provide a *pro se* litigant at least one opportunity to amend a pleading prior to a dismissal with prejudice and a closure of the case. However, given the fact that it appears that the Complaint is wholly insubstantial and frivolous, and the Court lacks subject matter jurisdiction over the claim, it is respectfully recommended that the Court deny the Motion, dismiss the Complaint with prejudice, and direct the Clerk of Court to close this case. *See, e.g., Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (a court may dismiss a case pursuant to § 1915 "because it is wholly insubstantial and frivolous").

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 2) be **DENIED** and the Complaint be dismissed with prejudice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 11, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record

- 4 -

Unrepresented Party
Courtroom Deputy